**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

RONNELL CHAMPION,

    *Plaintiff,*

-v-

FEDERAL EXPRESS CORPORATION
d/b/a FEDEX EXPRESS and DEJUAN
ANTHONY BELL, JR.,

    *Defendants*.

Case No.:   9:26-cv-2324-RMG

**COMPLAINT**

Plaintiff Ronnell Champion ("Plaintiff") , by and through undersigned counsel, sues Defendants Federal Express Corporation d/b/a FedEx Express, ("Defendant FedEx Express") and Dejuan Anthony Bell, Jr. ("Defendant Bell") and alleges:

**NATURE OF THE ACTION**

1. This is a civil action arising from a motor-vehicle collision that occurred on or about December 11, 2025, in Beaufort County, South Carolina.

2. Plaintiff seeks recovery for personal injuries, medical expenses, lost earnings, loss of earning capacity, property damage, pain and suffering, emotional distress, loss of enjoyment of life, and other damages caused by the negligent, negligent per se, willful, wanton, and/or reckless conduct of Defendant Dejuan Anthony Bell, Jr.

3. Plaintiff further seeks recovery from Defendant FedEx Express under theories of respondeat superior/vicarious liability and direct corporate negligence, including negligent hiring, training, supervision, entrustment, and retention.

**PARTIES**

4.     Plaintiff is a natural person and, at all relevant times, was a resident and citizen of South Carolina, domiciled in Saint Helena Island, Beaufort County, South Carolina.

5.     Defendant Bell is a natural person and, upon information and belief, is a resident and citizen of Pooler, Georgia, domiciled in the State of Georgia.

6.     Defendant FedEx Express is a corporation authorized to conduct business in multiple states, including South Carolina.

7.     Upon information and belief, Defendant FedEx Express is incorporated under the laws of the State of Delaware and maintains its principal place of business in Memphis, Tennessee.

8.     Defendant FedEx Express conducts business under the trade name FedEx Express and operates as an interstate motor carrier engaged in the transportation and delivery of packages, freight, cargo, and related services.

9.     At all times relevant to this action, Defendant Bell was operating a vehicle owned, leased, maintained, controlled, dispatched, or otherwise placed into service by Defendant FedEx Express.

10.     At all times relevant to this action, Defendant Bell was acting as an employee, agent, servant, representative, permissive user, and/or statutory employee of Defendant FedEx Express.

11.     At all times relevant to this action, Defendant Bell was acting within the course and scope of his employment, agency, service, and/or authority for Defendant FedEx Express.

**JURISDICTION AND VENUE**

12.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Complete diversity exists because Plaintiff is a citizen of South Carolina, Defendant Bell is a citizen of Georgia, and Defendant FedEx Express is, upon information and belief, a citizen of Delaware and Tennessee for purposes of 28 U.S.C. § 1332(c)(1).

14.     For purposes of corporate citizenship, Defendant FedEx Express is a citizen of both its state of incorporation and the state where it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010).

15.     The amount in controversy exceeds $75,000.00 because Plaintiff sustained significant bodily injuries, incurred medical expenses, required emergency and continuing medical treatment, suffered lost income and/or loss of earning capacity, and may require future medical care and treatment.

16.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Beaufort County, South Carolina.

17.     Venue is also proper because Defendants conducted business in South Carolina, operated motor vehicles in South Carolina, and purposefully availed themselves of the privilege of conducting activities within this State.

18.     This Court has personal jurisdiction over Defendant Bell because he operated a motor vehicle in South Carolina and caused injury in South Carolina.

19.     This Court has personal jurisdiction over Defendant FedEx Express because it conducts business in South Carolina, operates commercial motor vehicles in South Carolina,

employs or contracts with drivers who operate in South Carolina, and the claims arise from its business operations in South Carolina.

## FACTUAL ALLEGATIONS

20.     On or about December 11, 2025, Plaintiff Ronnell Champion was lawfully operating and/or occupying a motor vehicle in Beaufort County, South Carolina.

21.     At or near 170 Warsaw Island Road in Saint Helena Island, Beaufort County, South Carolina, Plaintiff was involved in a collision with a FedEx vehicle operated by Defendant Bell.

22.     Defendant Bell was operating a 2009 Freightliner vehicle associated with FedEx.

23.     Defendant Bell owed Plaintiff and other members of the motoring public a duty to operate the vehicle with reasonable care and in compliance with South Carolina traffic laws and applicable motor-carrier safety standards.

24.     Defendant Bell breached those duties by failing to operate the vehicle in a reasonably safe and prudent manner.

25.     Defendant Bell's conduct caused or contributed to a collision with Plaintiff's vehicle.

26.     At the time of the collision, Defendant Bell was acting within the course and scope of his employment, agency, or service for Defendant FedEx Express.

27.     Defendant FedEx Express owned, leased, operated, maintained, controlled, dispatched, or otherwise exercised authority over the vehicle operated by Defendant Bell.

28.     Defendant FedEx Express held itself out as a commercial motor carrier and was responsible for ensuring that its vehicles and drivers complied with applicable federal and state safety laws, including the Federal Motor Carrier Safety Regulations where applicable.

29. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries to his body, including but not limited to injuries involving his neck, back, right shoulder, head, spine, extremities, and nervous system.

30. Plaintiff required emergency medical evaluation following the collision and thereafter required additional medical treatment.

31. Plaintiff's medical treatment has included emergency care, diagnostic imaging, physical therapy, specialist evaluation, injections, and other conservative and interventional treatment.

32. Plaintiff has incurred medical expenses and is expected to incur future medical expenses.

33. Plaintiff has experienced pain, suffering, physical impairment, emotional distress, inconvenience, loss of enjoyment of life, and other noneconomic harms.

34. Plaintiff has suffered economic losses, including medical expenses, lost wages, loss of earning capacity, property damage, out-of-pocket expenses, and other financial losses.

35. Plaintiff's injuries and damages were directly and proximately caused by the acts and omissions of Defendants.

## FIRST CAUSE OF ACTION

### (Negligence Against Defendant Dejuan Anthony Bell, Jr.)

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Defendant Bell owed Plaintiff a duty to exercise reasonable care while operating a motor vehicle.

38. Defendant Bell owed Plaintiff a duty to keep a proper lookout, maintain proper control, operate at a safe speed, yield when required, avoid foreseeable collisions, comply with traffic laws, and exercise the degree of care that a reasonably prudent driver would exercise under similar circumstances.

39. Defendant Bell breached one or more of these duties by acts and omissions including, but not limited to:

a. Failing to keep a proper lookout;

b. Failing to maintain proper control of the vehicle;

c. Failing to operate the vehicle at a safe and reasonable speed;

d. Failing to yield the right of way when required;

e. Failing to take reasonable evasive action to avoid a collision;

f. Failing to obey applicable traffic-control devices, signs, roadway markings, or rules of the road;

g. Operating a commercial or company vehicle in an unsafe manner;

h. Failing to appreciate and respond to roadway conditions, traffic conditions, and surrounding vehicles;

i. Failing to comply with applicable South Carolina traffic statutes and regulations;

j. Failing to comply with applicable motor-carrier safety standards; and

k. Otherwise failing to exercise due care.

40. Defendant Bell's negligence was a direct and proximate cause of the collision.

41. Defendant Bell's negligence was a direct and proximate cause of Plaintiff's injuries and damages.

42. As a result of Defendant Bell's negligence, Plaintiff is entitled to recover compensatory damages in an amount to be determined by the jury.

## SECOND CAUSE OF ACTION

### (Negligence Per Se Against Defendant Dejuan Anthony Bell, Jr.)

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

44. South Carolina law recognizes that the violation of a statute enacted for public safety may constitute negligence per se when the injured party is within the class of persons the statute was designed to protect and the harm is of the type the statute was designed to prevent.

45. South Carolina traffic laws and motor-vehicle safety statutes are designed to protect motorists, passengers, pedestrians, and members of the public from unsafe driving and motor-vehicle collisions.

46. Plaintiff was within the class of persons these statutes and regulations were intended to protect.

47. The collision and resulting injuries were the type of harm these statutes and regulations were intended to prevent.

48. Defendant Bell violated applicable statutes, ordinances, rules, and/or regulations governing safe motor-vehicle operation, including but not limited to provisions requiring drivers to operate vehicles carefully and prudently, keep a proper lookout, maintain control, yield where required, obey traffic-control devices, and avoid collisions.

49. To the extent applicable, Defendant Bell also violated duties imposed under South Carolina law and applicable federal motor-carrier safety regulations governing the safe operation of commercial motor vehicles.

50. Defendant Bell's statutory and regulatory violations constitute negligence per se.

51. Defendant Bell's negligence per se was a direct and proximate cause of Plaintiff's injuries and damages.

52. Plaintiff is entitled to recover damages caused by Defendant Bell's negligence per se in an amount to be determined by the jury.

## THIRD CAUSE OF ACTION

### (Willful, Wanton, And/Or Reckless Conduct Against Defendant Dejuan Anthony Bell, Jr.)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

54. Defendant Bell owed Plaintiff a duty not to operate a motor vehicle in a willful, wanton, reckless, or grossly negligent manner.

55. Defendant Bell acted with conscious disregard for the rights and safety of Plaintiff and the motoring public by operating the vehicle in an unsafe manner under circumstances where a reasonable driver would have known such conduct created a high risk of harm.

56. Defendant Bell's conduct was willful, wanton, reckless, grossly negligent, and in disregard of Plaintiff's safety in one or more of the following respects:

 a. Operating a vehicle without maintaining a proper lookout;

 b. Failing to maintain control of the vehicle despite the foreseeable risk of collision;

 c. Operating a commercial or company vehicle in disregard of roadway conditions and surrounding traffic;

 d. Failing to take reasonable action to avoid striking Plaintiff's vehicle;

e. Violating rules of the road designed to protect motorists from serious injury; and

f. Otherwise acting in conscious disregard of known or reasonably knowable risks.

57. Defendant Bell's willful, wanton, reckless, and/or grossly negligent conduct was a direct and proximate cause of Plaintiff's injuries and damages.

58. Plaintiff is entitled to recover actual damages and, if supported by the evidence, punitive damages against Defendant Bell.

## FOURTH CAUSE OF ACTION

**(Vicarious Liability / *Respondeat Superior* Against Defendant FedEx Express)**

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

60. At all relevant times, Defendant Bell was an employee, agent, servant, representative, permissive driver, and/or statutory employee of Defendant FedEx Express.

61. At all relevant times, Defendant Bell was operating the FedEx vehicle with the knowledge, permission, authority, consent, and/or direction of Defendant FedEx Express.

62. At all relevant times, Defendant Bell was acting within the course and scope of his employment, agency, service, and/or authority for Defendant FedEx Express.

63. Under South Carolina law, an employer is liable for the tortious acts of its employee, agent, or servant committed within the course and scope of employment or agency. See, e.g., Armstrong v. Food Lion, Inc., 371 S.C. 271, 639 S.E.2d 50 (2006).

64.     Defendant Bell's negligent, negligent per se, willful, wanton, and/or reckless conduct occurred while he was acting within the course and scope of his relationship with Defendant FedEx Express.

65.     Defendant FedEx Express is vicariously liable for Defendant Bell's acts and omissions.

66.     Defendant Bell's acts and omissions were a direct and proximate cause of Plaintiff's injuries and damages.

67.     Plaintiff is entitled to recover damages from Defendant FedEx Express under the doctrine of respondeat superior and related principles of agency and vicarious liability.

**FIFTH CAUSE OF ACTION**

**(Negligent Hiring Against Defendant FedEx Express)**

68.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

69.     Defendant FedEx Express owed Plaintiff and the public a duty to use reasonable care in hiring drivers entrusted with company vehicles, commercial vehicles, and/or vehicles operated in furtherance of FedEx's business.

70.     This duty included the obligation to investigate, evaluate, and confirm that Defendant Bell was qualified, competent, properly licensed, adequately trained, and reasonably safe to operate the vehicle.

71.     Upon information and belief, Defendant FedEx Express knew or should have known, through reasonable investigation and screening, of relevant facts bearing on Defendant Bell's ability to safely operate a FedEx vehicle.

72.     Defendant FedEx Express breached its duties by negligently hiring Defendant Bell when it knew or should have known that he posed an unreasonable risk of harm to the public, or by failing to conduct adequate hiring, background, qualification, safety, licensing, driving-history, and motor-carrier compliance checks.

73.     Defendant FedEx Express's negligent hiring was a direct and proximate cause of Plaintiff's injuries and damages.

## SIXTH CAUSE OF ACTION

### (Negligent Training and Supervision as to Defendant FedEx Express)

74.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

75.     Defendant FedEx Express owed Plaintiff and the public a duty to reasonably train, instruct, monitor, and supervise drivers operating vehicles in furtherance of FedEx's business.

76.     This duty included training and supervision regarding safe driving, defensive driving, proper lookout, hazard recognition, speed management, backing and turning procedures, right-of-way rules, commercial-vehicle operation, accident avoidance, and compliance with applicable state and federal safety laws.

77.     Defendant FedEx Express breached these duties by failing to properly train, instruct, monitor, and supervise Defendant Bell.

78.     Upon information and belief, Defendant FedEx Express failed to implement, enforce, or follow adequate safety policies and procedures to prevent foreseeable collisions.

79.     Defendant FedEx Express's negligent training and supervision were direct and proximate causes of Plaintiff's injuries and damages.

## SEVENTH CAUSE OF ACTION

**(Negligent Entrustment Against Defendant FedEx Express)**

80.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

81.     Defendant FedEx Express owned, leased, maintained, controlled, dispatched, or otherwise entrusted the subject vehicle to Defendant Bell.

82.     Defendant FedEx Express had a duty not to entrust a vehicle to a driver whom it knew or reasonably should have known was incompetent, unfit, inadequately trained, unsafe, or otherwise likely to create an unreasonable risk of harm.

83.     Defendant FedEx Express knew or should have known, through reasonable diligence, that Defendant Bell was not reasonably safe, competent, qualified, or adequately trained to operate the vehicle under the circumstances presented.

84.     Defendant FedEx Express breached its duty by entrusting the vehicle to Defendant Bell.

85.     Defendant Bell's operation of the entrusted vehicle caused or contributed to the collision.

86.     Defendant FedEx Express's negligent entrustment was a direct and proximate cause of Plaintiff's injuries and damages.

## EIGHTH CAUSE OF ACTION

**(Negligent Retention Against Defendant FedEx Express)**

87.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

88.     Defendant FedEx Express owed Plaintiff and the public a duty to use reasonable care in retaining drivers who operated vehicles in furtherance of FedEx's business.

89.     This duty included monitoring driver safety, evaluating driver performance, reviewing incidents and violations, enforcing safety policies, and removing unsafe drivers from service when warranted.

90.     Upon information and belief, Defendant FedEx Express knew or should have known that Defendant Bell posed an unreasonable risk of harm if retained as a driver or permitted to continue operating FedEx vehicles.

91.     Defendant FedEx Express breached its duty by negligently retaining Defendant Bell and allowing him to operate a vehicle in furtherance of FedEx's business.

92.     Defendant FedEx Express's negligent retention was a direct and proximate cause of Plaintiff's injuries and damages.

## **DAMAGES**

93.     As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered damages, including:

    a.   Past and future medical expenses;

    b.   Past and future pain and suffering;

    c.   Mental anguish and emotional distress;

    d.   Loss of enjoyment of life and impairment;

    e.   Permanent injury, permanent scarring and disability;

    f.   Lost wages and loss of earning capacity;

    g.   Household services and other out-of-pocket expenses;

    h.   Pre- and post-judgment interest as allowed by law; and

94.     Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendant and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

MORGAN & MORGAN, P.A.

James G. Biggart II, Esq.
Federal Bar No.: 14195
4401 Belle Oaks Drive, 3rd Floor
North Charleston, South Carolina 29405
Telephone: (843) 973-5180
Email: jbiggart@forthepeople.com
biggartlitigation@forthepeople.com
Attorney for Plaintiff Ronnell Champion

June 15, 2026
Charleston, South Carolina